## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

DARRYL S. DUGAS and MARSHA
DUGAS,

        Plaintiffs,

v.                              Case No. 3:14-cv-1096-J-39JBT

3M COMPANY, et al.,

        Defendants.

_____/

## O R D E R

**THIS CAUSE** is before the Court on Defendant 3M Company's Motion to Strike

Plaintiffs' Opposition to 3M Company's Motion for Summary Judgment and Second

Declaration of Gary Harper [Doc. 414; Motion], filed May 14, 2015. Plaintiffs filed their

Response in Opposition [Doc. 417] on May 15, 2015. Accordingly, the matter is ripe for

judicial review.

### I.      DISCUSSION

The instant Motion comes on the heels of Plaintiffs' response in opposition to 3M

Company's ("3M") motion for summary judgment [Doc. 408; response in opposition]. 3M

asks the Court to strike Plaintiffs' response in opposition because it was filed after the

Court's established deadline for filing responses to dispositive motions. 3M also argues

the Court should strike the affidavit of Gary Harper attached to Plaintiffs' response in

opposition because it is a sham declaration and because it was disclosed after the

discovery deadline. The Court first considers whether Plaintiffs' response in opposition

should be stricken.

1.    *Plaintiffs' Response in Opposition to 3M's Motion for Summary Judgment*

On motion of the parties, the Court established a discovery deadline of April 24, 2015, and ordered the parties to submit dispositive motions no later than May 1, 2015. (Doc. 305; 4/14/15 Order). That same 4/14/15 Order directed the parties to file responses to any dispositive motions on or before May 11, 2015. 3M timely filed its motion for summary judgment on May 1, 2015. (Doc. 354). Plaintiffs did not submit their response in opposition until 12:19 a.m. on May 12, 2015. (CM/ECF Docket Activity Report 5/11/2015-5/12/2015). 3M now moves the Court to strike Plaintiffs' response owing to Plaintiffs' tardy filing.

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Properties, Inc. v. Florida Mowing And Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43(1991)). In deciding how to manage its docket, the Court "enjoys broad discretion to manage its case load and enforce deadlines." Glover v. City of Pensacola, 372 F. App'x 952, 953 (11th Cir. 2010); Mosley v. MeriStar Mgmt. Co., LLC, 137 F. App'x 248, 250 (11th Cir. 2005) (affirming the district court's decision to strike a response in opposition to a motion for summary judgment because it was four days late and no explanation was given for its tardiness); see also St. Cyr v. Flying J Inc., No. 3:06-CV-13-J-33TEM, 2007 WL 2582170, at *1 (M.D. Fla. Sept. 6, 2007) (allowing the consideration of late filed motions in limine because the parties and jury would be "served by adjudication of the issues presented").

Plaintiffs' response to 3M's motion for summary judgment was nineteen minutes late. Where a party submits a filing after a deadline, the Court may still consider the filing upon a showing of "excusable neglect." Glover, 372 F. App'x at 955 (11th Cir. 2010) (citing Fed. R. Civ. P. 6(b)). In determining whether neglect is excusable "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship, 507 U.S. 380, 395 (1993). That determination includes considering the danger of prejudice to other party, "the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the [late filer], and whether the [late filer] acted in good faith." Id.

Additionally, in considering whether to strike a response or motion for being untimely the Court is mindful of the "harm, disadvantage, or restriction upon someone that is unnecessarily broad or does not result in any offsetting gain to anyone else or society at large." Glover, 372 F. App'x at 954 (11th Cir. 2010) (quoting Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1096 (11th Cir. 2004)). In this case, Plaintiffs provide the sworn testimony of counsel that owing to technical difficulties, the CM/ECF system rejected the timely submission of their response in opposition to 3M's motion for summary judgment. (Doc. 417-2 at 2). At only nineteen minutes, the duration of the delay was de minimis; it had no impact on the judicial proceedings; and the Court sees no prejudice 3M suffered by Plaintiffs' tardy submission. All of the factors weigh in favor of considering Plaintiffs' response in opposition to 3M's Motion for Summary Judgment. Furthermore, striking Plaintiffs' filing would place Plaintiffs at a major disadvantage

without a justifiable gain to the Court, the other parties, or society at large. Accordingly, the Court will not strike Plaintiffs' response in opposition to 3M's motion for summary judgment.

        2.    *Affidavit of Gary Harper*

      3M argues that the Court should strike the May 8, 2015 Declaration of Gary Harper [Doc. 408.6] for being a sham declaration and because Plaintiffs failed to timely comply with Rule 26's, Federal Rules of Civil Procedure, disclosure requirements. Plaintiffs take the position that their late disclosure of Mr. Harper's May 8, 2015 Declaration and the subject matter contained therein was substantially justified and harmless. After review of the parties' competing positions, the Court concludes that Mr. Harper's May 8, 2015 Declaration is due to be stricken.

      "[A] party must, without awaiting a discovery request, provide to the other parties . . . the name . . . of each individual likely to have discoverable information—along with the subjects of that information[.]" Fed. R. Civ. P. 26(a)(1)(A)(i). Once a disclosure has been made under Rule 26(a), the disclosing party "must supplement or correct its disclosure or response . . . in a timely manner if the [disclosing] party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ." Fed. R. Civ. P. 26(e)(1)(A). Failure to comply with Rule 26(a) or (e) will prevent the offending party from using "that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The burden is on the offending party to establish that the failure to timely disclose was substantially justified or harmless. Baldeo v. Dolgencorp, LLC, No. 8:12-CV-02762-EAK, 2014 WL 4749049, at *3 (M.D. Fla. Sept. 23, 2014).

Plaintiffs timely disclosed Mr. Harper as being an individual with whom Mr. Dugas served while aboard the USS Franklin D. Roosevelt ("USS FDR") with discoverable information relating "to the use of Defendants' asbestos-containing products during the course of ordinary aircraft maintenance and repair activities." (Doc. 417.3 at 4; December 1, 2014 Initial Disclosure); (Doc. 414.3 at 3; March 31, 2015 Supplemental Disclosure). Mr. Harper was not disclosed as being an individual with information regarding the use of respiratory protection. Consistent with Plaintiffs' representations in both their Initial Disclosure and Supplemental Disclosure, Mr. Harper provided an affidavit in which he declared that he had "no personal knowledge regarding any specific product, including aircraft adhesives, that Mr. Dugas used while performing his duties." (Doc. 414.1 at 3 ¶ 7). Mr. Harper also stated that he had no personal knowledge of whether Mr. Dugas "ever worked with or around any products manufactured, distributed, sold, or supplied by the 3M Company." (Doc. 414.1 at 3 ¶ 8) (emphasis added).

Plaintiffs explicitly withdrew any allegations that Mr. Dugas was exposed to an asbestos containing product manufactured, distributed, or sold by 3M. Instead, Plaintiffs allege that 3M's culpability is owing to the production and distribution of 8500 non-toxic particle masks. Mr. Harper provided that he had no information that Mr. Dugas ever worked with or around any 3M products. Thus, it is easy to see why 3M was surprised when Plaintiffs provided the May 8, 2015 Declaration from Mr. Harper, obtained after the discovery deadline, in which Mr. Harper said the only masks he and other sailors wore aboard the USS FDR were manufactured and supplied by 3M. The inference to be

drawn from Mr. Harper's testimony is that if Mr. Dugas, who was a sailor aboard the USS FDR with Mr. Harper, wore a mask, it was likely a 3M mask.

Setting aside Plaintiffs' and 3M's disagreement over whether Mr. Harper's May 8, 2015 Declaration contradicts his January 25, 2015 Declaration, the former certainly provides additional testimony on matters outside of the latter and outside of the subject matter for which he was disclosed.[1] Plaintiffs disclosed to 3M that Mr. Harper had information about "the use of Defendants' asbestos-containing products." Mr. Harper's May 8th Declaration discusses the use of 3M masks, the availability of respiratory protection, and even attaches a picture depicting a 3M 8500 non-toxic particle mask. It is undisputed that: 1) the 3M masks did not contain asbestos; 2) Plaintiffs did not disclose that Mr. Harper had information on the use of respiratory protection aboard the USS FDR; and 3) Mr. Harper's affidavit containing his testimony regarding 3M masks came after the discovery deadline in this case. Thus, Plaintiffs did not timely disclose Mr. Harper's May 8, 2015 Declaration and the subject matter contained therein, and they have the burden of showing that the tardy disclosure of Mr. Harper's May 8, 2015 Declaration is either substantially justified or harmless.[2]

In an attempt to convince the Court that they were justified in their late disclosure, Plaintiffs point out that "the reason Mr. Harper's [May 8, 2015] [D]eclaration was not provided earlier is simple: it did not exist." (Doc. 417 at 13). Plaintiffs' argument falls flat, however, because while it is true the May 8th, 2015 Declaration did not exist

---

[1] Plaintiffs concede as much in their Response. (Doc. 417 at 6 ("Mr. Harper's May 8, 2015 Declaration provides *additional* (not contrary) information. . . .") (emphasis in original)).

[2] It is unclear whether 3M learned of Mr. Haper's May 8, 2015 Declaration on May 8, 2015, May 11, 2015, or somewhere in between.

until after the discovery deadline, the contents of the Declaration did. Presumably

anticipating that their first argument might not carry the day, Plaintiffs go on to explain

that they did not disclose the full array of subjects about which Mr. Harper had

knowledge (the identification and use of 3M's masks) because Plaintiffs did not know

"the exact types of evidence or facts that would be necessary to opposing 3M's motions

until the motions were received." (Doc. 417 at 13). This position is also untenable,

because Plaintiffs' logic would encourage litigation by ambush as parties would wait to

disclose or conduct discovery until after seeing their opponent's hand. This is exactly

what modern day discovery rules were designed to eliminate. In re Steffen, 406 B.R.

139, 144 (Bankr. M.D. Fla. 2009) aff'd, 433 B.R. 879 (M.D. Fla. 2010) ("Modern

discovery was designed to eliminate litigation by ambush and surprise."). Indeed, when

faced with a similar issue, the court in Munnings v. Fedex Ground Package Sys., Inc.,

found "[s]uch a belated investigation after the close of discovery to find new evidence to

oppose a summary judgment motion does not provide good cause for admitting such

evidence." No. 6:07CV282-ORL-19KRS, 2008 WL 1849003, at *7 (M.D. Fla. Apr. 22,

2008).

　　　Plaintiffs also contend that their late disclosure of Mr. Harper's Declaration is

substantially harmless. In support of that contention, Plaintiffs note that they disclosed

the identity and contact information of Mr. Harper, which they argue granted 3M "every

opportunity to learn what Mr. Harper knew and to further develop and preserve that

knowledge through taking his deposition, an option 3M chose not to pursue." (Doc. 417

at 12). If the Court accepted Plaintiffs' position, it would shift the burden to Defendants

to depose every listed witness and inquire about every possible relevant topic a witness

could testify about, eviscerating Rules 26's requirement that the party offering the witness shoulders the burden of disclosing the subject matter of the witness's potential testimony. Further, Plaintiffs' contention that providing the identification and contact information of a witness is sufficient has already been rejected by the Eleventh Circuit. See Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc., 389 F.3d 1339, 1353 (11th Cir. 2004) (Finding that "regardless of the importance of [the witness's] testimony" and even if the late identification of the witness may have been excusable, the "subsequent delay in disclosing the full nature of [the witness's] testimony was not."). In this case, discovery was closed by the time 3M was informed of subject matter of which Mr. Harper had knowledge. By the time 3M became aware of the existence of Mr. Harper's May 8, 2015 Declaration, 3M had already filed its motion for summary judgment. Therefore, 3M did not have a chance to depose Mr. Harper or consider the content of Mr. Harper's May 8, 2015 Declaration before filing its motion for summary judgment and Plaintiffs have not made a sufficient showing that their late disclosure was substantially justified.

Accordingly, after due consideration, it is

**ORDERED:**

1.      3M Company's Motion to Strike Plaintiffs' Opposition to 3M Company's Motion for Summary Judgment and Second Declaration of Gary Harper [Doc. 414] is **GRANTED in part and DENIED in part** as follows:

a.      3M Company's request to strike Plaintiffs' Response in Opposition to 3M Company's Motion for Summary Judgment [Doc. 408] is **DENIED.**

b.      3M Company's request to strike Gary Harper's May 8, 2015,

Declaration [Doc. 408.6] is **GRANTED**.

**DONE** and **ORDERED** in Jacksonville, Florida this _26th_ day of June, 2015.

BRIAN J. DAVIS
United States District Judge

mw
Copies furnished to:

Counsel of Record