**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MARSHA K. DUGAS, Individually and
as Personal Representative of the
Estate of Darryl S. Dugas,

      Plaintiff,

v.                                                   Case No. 3:14-cv-1096-J-39JBT

3M COMPANY, et al.,

      Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendants' Henkel Corporation and Dexter-Hysol Aerospace ("Dexter-Henkel"), LLC Motion to Dismiss and/or for More Definite Statement and Motion to Strike (Doc. 568; Motion). Defendants Shell Oil Company, 3M Company, and United Technologies Corporation filed notices of adoption and joinder to Dexter-Henkel's Motion without supplementation. (Docs. 569-71). Plaintiff responded with her Consolidated Brief in Opposition (Doc. 574; Response). Accordingly, the matter is ripe for review.

**I.**     **DISCUSSION**

Defendants' Motion comes on the heels of Plaintiff Marsha Dugas's Third Amended Complaint (Doc. 564). Prior to the Third Amended Complaint, the Court considered the Second Amended Complaint by Marsha Dugas and Darryl Dugas, and Defendants' challenges thereto. (Doc. 323; Order on Motions to Dismiss). Following the Court's Order on Motions to Dismiss, Mr. Dugas passed away, and Ms. Dugas filed her Third Amended Complaint. Ms. Dugas now prosecutes this case both on her own behalf

and on behalf of the estate of Mr. Dugas. (Doc. 522); (Doc. 564 at 1). Collectively, Defendants challenge the Third Amended Complaint because they argue that Ms. Dugas does not have the ability to assert any claims in her individual capcity; that Ms. Dugas failed to plead sufficiently the identity of Mr. Dugas's survivors; and, finally, that Ms. Dugas cannot recover for loss of consortium in light of Mr. Dugas's Death.

### A.     Florida's Wrongful Death Act Fla. Stat. § 768.16-768.26

Defendants argue that Florida's Wrongful Death Act prevents Ms. Dugas from prosecuting this case in her individual capacity. In support of their positions, Defendants cite to N. v. Precision Airmotive Corp., 600 F. Supp. 2d 1263 (M.D. Fla. 2009), wherein the court explained that Florida Statutes section 768.20 allows, "a named plaintiff [to] sue only in her capacity as the personal representative of the decedent's estate and that survivors' claims must be brought by the personal representative." (internal citations omitted). The Precision Airmotive Corp. decision is in accord with Florida's Third District Court of Appeal. See ACandS, Inc. v. Redd, 703 So. 2d 492, 494 (Fla. 3d DCA 1997) ("[T]he legislature did not intend for a spouse's consortium claim to survive an injured spouse's death . . . ."). The Third District Court of Appeal court reasoned that death of one's spouse required consolidation of the surviving spouse's loss of consortium claim with that of the wrongful death action. ACandS, Inc., 703 So. 2d at 494 ("[T]he legislature has provided for wrongful death damages that are inclusive of a spouse's loss of consortium damages.").

Ms. Dugas responds that her loss of consortium claim is separate and distinct from Mr. Dugas's wrongful death action and, provides her individual standing to maintain this suit both individually and as the personal representative of Mr. Dugas's

estate. Her position finds the bulk of its support from Randall v. Walt Disney World Co., 140 So. 3d 1118 (Fla. 5th DCA 2014). In disagreeing with Florida's Third District Court of Appeal, the Fifth District Court of Appeal reasoned that Florida's Third District Court of Appeal failed to consider the situation where a wrongful death action could not be maintained.[1] Randall, 140 So. 3d. at 1121. The Randall court illustrates its concern by describing a situation wherein the decedent's cause of death is later determined to not be attributable to the defendants and, thus, the survivor's loss of consortium is extinguished without the genesis of a wrongful death claim. Id. Indeed, if this potentiality existed, it would be the exact situation Florida's Legislature intended to prohibit. See Capone v. Philip Morris USA, Inc., 116 So. 3d 363, 376 (Fla. 2013) ("[T]he express intent of the Act is to shift the losses of survivors to the wrongdoer.") (citing Fla. Stat. § 768.17).

"In rendering a decision based on state substantive law, we are bound to decide the case the way it appears the state's highest court would." Risley v. Nissan Motor Corp. USA, 254 F.3d 1296, 1299 (11th Cir.) (internal quotations and citation omitted), opinion reinstated on reh'g sub nom. Risley v. Nissan Motor Corp. in USA, 260 F.3d 1310 (11th Cir. 2001). In attempting to predict how the Florida Supreme Court would resolve the conflict between Florida's Fifth and Third District Courts of Appeal, the Court finds instructive the Florida Supreme Court's discussion of the "History of Wrongful Death in Florida" found in Capone, 116 So. 3d 363. Of note, there are two distinct types

---

[1] The Eleventh Circuit Court of Appeals recognized the "disagreement among the Florida intermediate courts of appeal regarding the independent viability of a standalone loss of consortium claim after the injured spouse . . . has died." In re Engle Cases, 767 F.3d 1082, 1120 n.38 (11th Cir. 2014) (citations omitted).

of actions where an injured plaintiff has died: a survival action and a wrongful death action. Capone, 116 So. 3d at 375-376. A survival action results when an injured-plaintiff's death is not attributable to the defendant and a wrongful death action occurs when the injury allegedly inflicted by the defendant resulted in the plaintiff's death. Id. After distinguishing the two types of actions, Capone "emphasize[d] that it is permissible for a personal representative to pursue both a claim for survival damages and an alternative wrongful death claim where the cause of the decedent's death may be disputed by the parties." Id. at 378 (citation omitted). This emphasis is important because it alleviates the Fifth District Court of Appeal's concern in Randall that a surviving plaintiff could be left without remedy in a situation where there is a determination that the defendant caused an injury to the deceased plaintiff which was not related to the deceased plaintiff's death.

With the Fifth District Court of Appeal's concern addressed by the ability of a surviving plaintiff to plead alternative theories of liability, the Court finds that the Third District Court of Appeal's reasoning is more likely to be adopted by the Florida Supreme Court where the cause of death is not disputed by the parties. Indeed, Capone explicitly recounted the intent of the Florida legislature to "eliminate[] the multiplicity of suits that resulted from each survivor bringing an independent action and avoid[] survivors racing to get the first judgment." Id. at 375 (internal quotations and citations omitted). This intent would be frustrated by maintenance of separate and distinct survivor actions independent from the wrongful death action where the cause of death is not in question.

In this case, the parties do not dispute that Mr. Dugas's death was caused by mesothelioma. E.g., (Doc. 56.1); (Doc. 564 ¶ 127); (Doc. 568 at 6). Ms. Dugas must

prove, among other things, that Defendants' products caused Mr. Dugas's mesothelioma. Thus, no liability can attach to Defendants without a finding that Defendants also caused Mr. Dugas's death, which obviates the need for Ms. Dugas to appear in this case in her individual capacity. For this reason, Ms. Dugas, in her individual capacity, is due to be dismissed from this case and her loss of consortium is a properly considered injury in the wrongful death action. See ACandS, Inc., 703 So. 2d at 494-95 (internal citation omitted); see also In re Engle Cases, 767 F.3d at 1087 n.2 ("Where an injured party dies as a result of his or her injuries, the Florida Wrongful Death Act provides for recovery of the survivors' consortium damages through a wrongful death claim filed by the personal representative of the decedent's estate.") (citing Fla. Stat. § 768.21 and Capone, 116 So. 3d at 375-376).[2]

Defendants also argue that the Third Amended Complaint is deficient for failing to plead the age and dependency status of Mr. Dugas's survivors. (Doc. 568 at 5). Defendant contends this information is relevant to their ability to determine the existence of financial dependency. Id. Defendants may be correct that the age and dependency status of Mr. Dugas's survivors would assist Defendants in defending this

---

[2] The Florida Supreme Court has broadly defined consortium to include the following:
> the companionship and fellowship of husband and wife and the right of each to the company, cooperation and aid of the other in every conjugal relation. Consortium means much more than mere sexual relation and consists, also, of that affection, solace, comfort, companionship, conjugal life, fellowship, society and assistance so necessary to a successful marriage.

Gates v. Foley, 247 So. 2d 40, 43 (Fla. 1971) (internal citation omitted).

case. However, Florida's Wrongful Death Statute only requires that a plaintiff plead the identity of "[a]ll potential beneficiaries . . . and their relationship to the decedent. . . ." Fla. Sta. § 768.21. Plaintiff met this requirement in her Third Amended Complaint by identifying the name of each of Mr. Dugas's survivors and their relationship to Mr. Dugas. (Doc. 564 ¶ 4).

Accordingly, after due consideration, it is

**ORDERED:**

1. Defendants' Motion to Dismiss and/or for More Definite Statement and Motion to Strike (Doc. 568) is **GRANTED to the extent that:**

   a. Marsha Dugas shall be **TERMINATED** from this case in her individual capacity.

   b. Count IV of the Third Amended Complaint is **DISMISSED**.

2. Defendants' Motion to Dismiss and/or for More Definite Statement and Motion to Strike (Doc. 568) is **DENIED to the extent that:**

   c. Paragraph one-hundred and thirty-three (133) shall not be stricken.

   d. Marsha Dugas's descriptions of Darryl Dugas's survivors are sufficient.

**DONE and ORDERED** in Jacksonville, Florida this 10th day of May, 2016.

BRIAN J. DAVIS
United States District Judge

/p
mw
Copies furnished to:

Counsel of Record